UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __6/18/12__

JENNIFER WILCOX,                                    :

                Plaintiff,              :

          -against-                     :

CORNELL UNIVERSITY, WEILL CORNELL              :
MEDICAL COLLEGE, JOAN AND SANFORD I.
WEILL MEDICAL COLLEGE AND GRADUATE             :
SCHOOL OF MEDICAL SCIENCES OF CORNELL
UNIVERSITY, JENNIFER L. PICKARD &              :
ANGELA CHARTER,
                              :

              Defendants.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11 Civ. 8606 (BSJ) (AJP)

**OPINION AND ORDER**

**ANDREW J. PECK, United States Magistrate Judge:**

        Plaintiff's Motion to Amend the Complaint (Dkt. No. 22) is <u>DENIED</u>. (The Court

deems Cornell's June 18, 2012 letter as defendants' opposition papers.)

        First of all, the motion is untimely, since it was made after the close of discovery.

Defendant has stated that it would need additional discovery as to "plaintiff's alleged disability."

(Cornell 6/18/12 Letter.)  Wilcox should not be permitted to amend her complaint because it would

require the reopening of discovery after defendants have spent time and resources conducting

discovery and preparing to file their summary judgment motion, which is due June 29, 2012.  <u>See,</u>

<u>e.g.</u>, <u>Krumme</u> v. <u>WestPoint Stevens Inc.</u>, 143 F.3d 71, 88 (2d Cir.) (affirming denial of motion to

amend and noting that a "'proposed amendment . . . [is] especially prejudicial . . . [when] discovery

had already been completed and [non-movant] had already filed a motion for summary judgment'"),

cert. denied, 525 U.S. 1041, 119 S. Ct. 592 (1998); Bilal v. N.Y.S. Dep't of Corr., 09 Civ. 8433, 2010 WL 2506988 at *17 n.31 (S.D.N.Y. June 21, 2010) (Peck, M.J.); Skippers & Mar. Servs. Ltd. v. KFW, 06 Civ. 7041, 2010 WL 882991 at *5 (S.D.N.Y. Mar. 5, 2010) ("A proposed amendment is 'especially prejudicial' and 'particularly disfavored' if the motion to amend is brought to forestall an adverse summary judgment ruling, i.e., after discovery has closed and the opposing party has moved for summary judgment."); Frenkel v. N.Y.C. Off-Track Betting Corp., 611 F. Supp. 2d 391, 398 n.10 (S.D.N.Y. 2009) (Peck, M.J.) ("Normally, an amendment based on factual circumstances not raised by the original complaint would prejudice [the defendant] if it required additional discovery after the discovery period had closed, delaying summary judgment and a possible trial date."), adopted, 701 F. Supp. 2d 544 (S.D.N.Y. 2010); Walker v. Caban, 08 Civ. 3025, 2008 WL 4925204 at *13 (S.D.N.Y. Nov. 19, 2008) (Peck, M.J.) (denying motion to amend the complaint filed after the close of discovery and after defendant had moved for summary judgment), report & rec. adopted, 2008 WL 5148794 (S.D.N.Y. Dec. 5, 2008).

Second, while plaintiff had filed a charge with the EEOC, either she did not file an ADA charge (in which case the proposed federal ADA claim would be barred) or if she did, there is no reason why she did not originally bring the ADA claim in her original complaint. Indeed, other than general references in the proposed complaint to "pregnancy related disability," plaintiff does not plead that she suffered a disability that satisfies the ADA's definition of disabled. (In any event, this is a subject on which defendants would be entitled to discovery.)

For all these reasons, plaintiff's motion to amend (Dkt. No. 22) is DENIED.

**FILING OF OBJECTIONS TO THIS OPINION AND ORDER**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Opinion and Order to file

3

written objections.  See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Barbara S. Jones, 500 Pearl Street, Room 1920, and to my chambers, 500 Pearl Street, Room 1370.  Any requests for an extension of time for filing objections must be directed to Judge Jones (with a courtesy copy to my chambers).  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

                SO ORDERED.

Dated:        New York, New York
              June 18, 2012

                                        _____
                                        Andrew J. Peck
                                        United States Magistrate Judge

Copies by ECF to:    All Counsel
                     Judge Barbara S. Jones