UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X   11 Civ. 8606 (BSJ)(AJP)
JENNIFER WILCOX,

                        Plaintiff,   **PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AND OPINION**

          - against -

CORNELL UNIVERSITY, WEILL CORNELL MEDICAL
COLLEGE, JOAN AND SANFORD I. WEILL MEDICAL
COLLEGE AND GRADUATE SCHOOL OF MEDICAL
SCIENCES OF CORNELL UNIVERSITY, JENNIFER L.
PICKARD, *Individually*, and ANGELA CHARTER,
*Individually*

                    Defendants.
------------------------------------------------------------------------X

      Plaintiff JENNIFER WILCOX respectfully objects, pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. 636(b)(1), to Magistrate Judge Andrew J. Peck's Opinion and Order, recommending that Plaintiff's Motion to Amend the Complaint be denied. Plaintiff's objections are based on the following reasons:

1. The Court erroneously concluded that Plaintiff's motion was "untimely since it was made after the close of discovery," when, in fact, Plaintiff's motion was actually made on the last day of discovery before it expired.

2. The Court erroneously concluded that because Plaintiff did not file an ADA charge, her proposed federal ADA claim would be barred.

3. The Court erroneously concluded that Defendants would need additional discovery as to Plaintiff's alleged disability. By reaching such a determination, the Court improperly disregarded all discovery that Defendants have already conducted in connection to Plaintiff's disability.

I. **STANDARD OF REVIEW**

If a party timely objects to a magistrate judge's report and recommendation, the Court is required to make a "*de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *See also* United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); Wilson v. New York City Dept. of Transp., 2004 WL 1687197, 1 (S.D.N.Y. 2004). The Court may then accept, reject, or modify in whole or in part recommendations made by the magistrate judge. Id. at 1.

II. **PLAINTIFF'S MOTION WAS TIMELY AND WAS MADE BEFORE THE CLOSE OF DISCOVERY**

Although Judge Peck states that "the motion is untimely since it was made after the close of discovery," this is simply not true. On or about April 25, 2012, Judge Peck granted the parties' request for an extension of the discovery deadline until June 15, 2012. Before the close of discovery, on or about June 15, 2012, Plaintiff filed her motion to amend the complaint.

"The rule in this circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993). While the complaint must give full notice of the circumstances giving rise to the plaintiff's claim for relief, it is not necessary that the plaintiff also correctly plead the legal theory or theories and statutory basis supporting the claim. *See* Simonton v. Runyon, 232 F.3d 33, 36 (2d Cir. 2000).

Plaintiff has not acted in bad faith in seeking to file an Amended Complaint, nor has there has been any undue delay in making the instant motion, as **she made this request immediately**

2

**upon learning that her pregnancy-related illness constituted, and was treated the same as any other, disability under Defendants' own disability policies**.  While Plaintiff originally thought she was being singled out and discriminated against only due to her pregnancy, it was confirmed during litigation that Defendants perceived Plaintiff's pregnancy-related illness as a disability and treated it as such.

Furthermore, there will be no surprises to Defendants nor will Defendants suffer any prejudice if Plaintiff is allowed to file an amended complaint, as the amended complaint will not include any new facts that are not already known to Defendants. *See*, Babayeva v. Queens Hosp. Center, 2009 WL 1605536, 2 (E.D.N.Y.,2009)("[t]he opposing party may demonstrate prejudice where the amended complaint asserts new claims with a new set of operative facts.").  More specifically, Defendants are already aware of all the factual circumstances that gave rise to the Title VII claims in Plaintiff's original complaint, specifically that she was terminated due to a pregnancy-related illness.

In actuality, nothing substantial would change with respect to the posture of the case, as Plaintiff simply seeks, in good faith, to add a cause of action for a violation of the ADA.  As of the date Plaintiff filed her motion to amend, discovery had not yet ended, and in fact, Defendants had just produced their witnesses to be deposed only days before Plaintiff filed her motion.  Thus, under the standards applicable to Rule 15(a), since the case has not progressed beyond discovery, and Defendants have not yet filed their motion for summary judgment, the Court should grant Plaintiff's motion to file an Amended Complaint.

Lastly, every case cited in Judge Peck's Opinion and Order in support of the Court's decision to deny Plaintiff's motion is easily distinguishable from the case at hand, as each case cited addressed motions to amend a pleading *after* Defendants had already made a motion for

*summary judgment*. This is very *different from our case* in that discovery was not even closed and Defendants had not made any summary judgment motion.

### III. PLAINTIFF'S ADA CLAIM ARISES FROM SAME SET OF FACTS AS, AND IS "REASONABLY RELATED" TO, PLAINTIFF'S TITLE VII CLAIM

A "plaintiff may amend his or her complaint to include otherwise time-barred claims if 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 68 (2d Cir. 2002) (quoting Fed.R.Civ.P. 15(c)(2)). In determining whether an amendment of a pleading relates back to the date of the original pleading, for limitation purposes, the pertinent inquiry is whether the original complaint gave the defendant fair notice of the newly alleged claims. Higgins v. NYP Holdings, Inc., 2011 WL 6083702 (S.D.N.Y.,2011). It's patently evident that Plaintiff's claims for violations of the ADA arose out of the exact same facts and conduct set forth in her original complaint, which clearly gave fair notice to Defendants of a possible claim under the ADA.

Although Plaintiff never explicitly checked off the "disability" box on her EEOC charge, "the Second Circuit Court of Appeals has recognized that claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency. A claim is reasonably related to those raised in an EEOC charge of discrimination where: (1) the alleged discriminatory conduct would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination; (2) the complaint is one of retaliation by an employer against an employee for filing an EEOC charge; and (3) the complaint alleges further incidents of discrimination carried

4

out in precisely the same manner alleged in the EEOC charge. Where a pro se plaintiff files a charge of discrimination with the EEOC, it is not the label on the charge, but the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving that is the focus of a court's inquiry." Boyce-Idlett v. Verizon Corporate Services Corp., 2007 WL 2589445, 5 (S.D.N.Y.,2007)(internal citations and quotations omitted). This rule is "based on the recognition that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims she is suffering." Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir.2003) (internal quotation marks omitted).

Whether a claim is reasonably related to allegations in an administrative charge, thus satisfying the ADA's exhaustion requirement, is "a fact-intensive analysis, focusing on whether the substance of the charge filed with the administrative agency gave the agency adequate notice to investigate discrimination on the basis alleged by the plaintiff in his Title VII claim." Henny v. New York State, 2012 WL 335732 (S.D.N.Y.,2012)(internal quotation marks omitted).

## IV. **DEFENDANTS WILL NOT BE PREJUDICED AND WILL NOT NEED TO SEEK ANY FURTHER DISCOVERY SHOULD PLAINTIFF'S MOTION BE GRANTED**

In Defendants' letter to the Court, dated June 18, 2012, Defendants claim that if Plaintiff's motion is granted, "Defendants will need to seek paper discovery and to depose Plaintiff again related to the severity of her alleged disability, its duration, the nature of her limitations, as well as the precise dates of her alleged inability and ability to perform work, and the dates and nature of the accommodations, if any, that she sought from Defendants." However, this is completely false, as Defendants already asked Plaintiff for all this information during her deposition.

For example, during Plaintiff's deposition, she testified that:

> *Once I submitted a form that my doctor filled out … I requested time off due to pregnancy-related illness, is when I received an adverse action. I was notified I was going to be retroactively terminated.* Page 19, Line 20-24.
>
> *By retroactively terminating me after receiving, again, the document that both myself and my physician filled out, to make me ineligible for short-term leave and disability. That would have been the time which my doctor had me out for the pregnancy related sickness.* Page 23, Lines 16-21.

Moreover, Plaintiff's disability was also evident by an email sent from Ms. Picard to Plaintiff, dated April 3, 2011, in which she wrote:

> *As an employee with three weeks of service, at the time you became disabled, unable to work, you were not entitled to disability pay or benefits through the medical college.* Page 72, Lines 18-21.

In another email, Ms. Charter also told Plaintiff:

> *Jennifer: You became disabled within 30 days of leaving a previous employer. You should check with them to see if you are eligible to collect short-term disability pay from that employer.* Page 87, Lines 8-11.

In fact, Defendants' counsel even asked Plaintiff, "*Is it your contention as part of this lawsuit that you were entitled to short term disability leave?*" to which Plaintiff answered, "*Yes*," Page 89, Lines 9-12, and when she was terminated, Ms. Charter told her, "*when you are not sick and able to work, feel free to reapply to your position.*" Page 28, Lines 23-24.

It is therefore patently clear that Defendants already have all the necessary information relating to Plaintiff's disability claim, as it is the same discovery that Defendants have conducted concerning her Title VII claims. Given the fact that Plaintiff's request to file an Amended Complaint would neither prejudice Defendants, nor delay or change any existing pleading or

case management schedule, there is no reason why Plaintiff's Motion to Amend the Complaint should not be granted.

### V. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully disagrees with the Magistrate Judge's Opinion and Order, and respectfully requests that the Court reject the determinations made in the Opinion and Order and instead make a *de novo* determination of Plaintiff's Motion to Amend the Complaint.

Dated: New York, New York
June 28, 2012

**PHILLIPS & PHILLIPS,
ATTORNEYS AT LAW, PLLC**

By: /s/ Jesse C. Rose
Jesse Rose, Esq. (JR-2409)
*Attorneys for Plaintiff*
30 Broad Street, 35th Floor
New York, New York 10004
(212) 248-7431

To: Wendy Tarlow, Esq.